E-FILED
Tuesday, 05 April, 2011 03:51:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **RONALD CAPPELLANO,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**WRIGHT MEDICAL GROUP, INC.,** )<br>a corporation, et al., )<br>)<br>**Defendants.** ) | Case No. 08-2265 |

# ORDER

In October 2008, Plaintiff Ronald Cappellano filed a complaint against Defendants Wright Medical Group, Inc., Wright Medical Technology, Inc., and Wright Medical Europe SA, which Defendants removed to federal court (#1). Plaintiff brings a products liability claim in connection with a hip prosthesis system. Plaintiff received a hip replacement in October 2004, but the prosthesis failed and had to be removed in March 2008. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In February 2011, Plaintiff filed Plaintiff's Motion to Compel Specific Discovery (#64). Defendants filed Defendants' Response in Opposition to Plaintiff's Motion to Compel Specific Discovery (#67). In Plaintiff's motion, Plaintiff seeks to narrow a previous discovery request, which this Court denied, finding the request overly broad. (See Order #62). This Court hereby **GRANTS** Plaintiff's Motion to Compel Discovery **(#64)** for the reasons given below.

### I. Standard

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The party from whom the documents are requested must provide the documents or state a specific objection. FED. R. CIV. P. 34(b)(2). Upon such an objection, a party seeking discovery may move for an order to compel production. FED. R. CIV. P. 37. In considering a

motion to compel discovery, the district court exercises significant discretion, and may fashion a ruling appropriate for the circumstances of the case. FED R. CIV. P. 37(5); *see also Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996).

## II. Discussion

Plaintiff underwent hip replacement surgery on October 14, 2004. On March 21, 2008, the prosthesis system failed, and had to be removed and replaced. The Defendants designed, manufactured, distributed, and sold the hip prosthesis system. Plaintiff brings a suit for products liability, alleging the prosthesis system was unreasonably dangerous for its intended or reasonably foreseeable uses. Plaintiff alleges that his hip prosthesis failed due to design flaws related to the neck of the prosthesis system.

Defendants maintain a list documenting instances where necks in their hip prostheses systems have failed. (#64-2, sealed). Defendants have performed tests and taken photographs of the necks for over 44 of these failures. Plaintiff seeks to obtain these photographs and reports. Specifically, Plaintiff asks this Court to compel Defendants to produce "all photographs and test results and reports performed by or for the Defendants as to failed PROFEMUR modular prosthesis necks." (#64, p. 5).

Plaintiff argues that the test reports related to failures in all models of Wright PROFEMUR prostheses are relevant to the failure of Plaintiff's hip prosthesis. Plaintiff argues that all of these reports are relevant to demonstrating that the neck of Plaintiff's hip prosthesis was unreasonably dangerous. Plaintiff points out that the dimensions of the distal tapered end of the modular neck and of the oval slot to which the neck is inserted are the same in various PROFEMUR products. Plaintiff further notes that examining these other failures is necessary for appropriate scientific inquiry, to rule out or to demonstrate potential causes of failure. For example, Plaintiff seeks to compare failure incidents for titanium alloy necks versus cobalt chromium necks to determine if the difference in material is related to the failure of the neck in Plaintiff's hip prosthesis.

2

Defendants respond that Plaintiff's discovery request is overly broad, because Plaintiff seeks information pertaining to items unrelated to those implanted in Plaintiff. Defendants argue that Plaintiff's discovery request is substantially similar to Plaintiff's previous discovery request, which this Court denied. Furthermore, Defendants argue that an affidavit from Plaintiff's expert is not sufficient to establish that Plaintiff's discovery request is relevant. Dr. Pugh's expert report concludes that it is scientifically appropriate to analyze all failures of the prostheses, not just the failure suffered by Plaintiff. In essence, Defendants' position is that alleged fractures of the prostheses of other individuals are irrelevant to Plaintiff's action.

The Court notes that Plaintiff's present discovery request is slightly more narrow than his previous request. First, Plaintiff has asked for reports, photographs, and records related to failures of necks, as opposed to necks and stems. Second, Plaintiff specifies he is seeking reports, photographs, and records. Furthermore, Plaintiff has made additional arguments regarding the relevance of these materials. For example, Plaintiff notes design similarities among various PROFEMUR products. Plaintiff has also specified certain theories related to the failure of Plaintiff's hip prosthesis it hopes to confirm or disconfirm through analysis of the other neck failures.

Given these considerations, this Court grants Plaintiff's Motion to Compel, in part. Defendants are hereby ordered to produce the following: photographs, test results, and reports performed by or for the Defendants as to failed PROFEMUR modular prosthesis necks, as listed by Plaintiff in his motion to compel. (#64, p. 4, ¶ 12). For now, the Court limits discovery to these existing items listed by Plaintiff (#64, p. 4, ¶ 12); the Court declines to grant Plaintiff's broader request for all photographs, test results, and reports performed by or for Defendants as to failed PROFEMUR necks "including but not limited to those listed in Confidential Exhibit #2." In making this Order, the Court notes that Plaintiff's discovery request is reasonably calculated to lead to the discovery of admissible evidence, but the Court does not find at this time that the reports in question are admissible evidence. Additionally, Defendants have indicated their willingness to supplement the list documenting instances in which necks in their hip prostheses systems have failed. Given Defendants' acquiescence to this discovery request, the Court orders

Defendants to supplement the incident list. Last, the Court notes that, because the parties' briefs and memoranda adequately addressed the issue, the Court denies Plaintiff's request for oral argument.

### III.  Summary

For the reasons stated above, this Court hereby **GRANTS** Plaintiff's Motion to Compel Specific Discovery **(#64)**.

ENTER this 5th day of April, 2011.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE